OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a Mahoning County Common Pleas Court judgment sustaining a motion to suppress drug evidence against defendant-appellee, Wadel Casey.
 {¶ 2} In January 2003, a confidential informant approached Youngstown Police Officer Sam Mosca and informed him that the residence at 1921 Nair Street was a drug house. Subsequently, Officer Mosca sent the confidential informant to make a controlled drug buy from the Nair residence. The informant purchased crack cocaine from an individual at the address. In addition, Officer Mosca and Officer Gerard Slattery conducted surveillance during this time. They observed people pull up in cars, go into the house, and then leave a short time later. According to Officer Mosca, this activity is consistent with drug trafficking. Additionally, the informant made an uncontrolled buy at the Nair residence, where he again purchased crack cocaine. And Officer Mosca received complaints of drug activity at the Nair residence from neighbors.
 {¶ 3} Based on these facts, Officer Mosca applied for a search warrant of the residence on March 6, 2003. On the same day the trial court issued a search warrant authorizing the Youngstown Police Department (YPD) to seize "Crack Cocaine and other drugs of abuse as defined by O.R.C. 3719.011(A); paraphernalia utilized in the use and distribution of such drugs * * * fruits of drug trafficking, including cash." The YPD executed a search of the residence later that day and seized, among other items, a bag containing crack cocaine, a clear bag containing 13 individual baggies of marijuana, $155 found in appellee's bedroom, and $638 found in his pocket.
 {¶ 4} A Mahoning County Grand Jury subsequently indicted appellee on one count of possession of cocaine, a fourth degree felony in violation of R.C. 2925.11(A)(C)(4)(b), and one count of trafficking in marijuana, a fourth degree felony in violation of R.C. 2925.03(A)(2)(C)(3)(c), with forfeiture specifications. Appellee filed a motion to suppress the drugs and cash. The trial court held an evidentiary hearing on July 17, 2003. It sustained appellee's motion to suppress the drugs and cash finding the search warrant invalid. The trial court found that the warrant did not particularly describe the things to be seized and was overly broad. Appellant thereafter filed its timely notice of appeal on August 29, 2003.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "The trial court erred when in [sic] ordered suppressed all items seized in a search of a known drug house."
 {¶ 7} First, appellant contends that the warrant was sufficiently particular as to the items to be seized. Appellant argues that given the fact that the Nair residence was a known drug house, it was reasonable to conclude that many types of drugs were being sold there. For support, appellant refers us to several cases. See State v. Casalicchio, 8th Dist. No. 79431, 2002-Ohio-587 (a warrant authorizing the seizure of "[c]ocaine and other narcotic drugs and/or controlled substances; * * *" along with paraphernalia, contraband, and weapons, was sufficiently particularized because the listed items "would all be connected to the investigation of drug possession or trafficking"); State v. DeLeon (1991), 76 Ohio App.3d 68, 73
(warrant for "Cocaine a schedule II narcotic * * *, US currency connected with the sale of cocaine and related narcotic paraphernalia" was "sufficiently specific and sufficiently related to the facts as stated in the affidavit, * * * and the reasonable inferences from those facts, to enable the officers to search for specific types of property"); Columbus v. Wright
(1988), 48 Ohio App.3d 107, 111 (court examined a search warrant for among other things "drugs of abuse, firearms, and other weapons carried concealed on persons" and found language sufficiently specific).
 {¶ 8} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332. At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992),62 Ohio St.3d 357, 366. We are bound to accept the trial court's factual determinations made during the suppression hearing so long as they are supported by competent, credible evidence. State v.Harris (1994), 98 Ohio App.3d 543, 546. Accepting these factual findings as true, an appellate court must then independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court erred in applying the substantive law to the facts of the case. Id.
 {¶ 9} Here the trial court found that the confidential informant did not enter the Nair residence when he made the controlled buy. Rather, the exchange took place on the back porch. (Tr. 30). In addition, the informant went back to the residence after the controlled buy to purchase more crack cocaine for his personal use. (Tr. 32-33). The court also found that the informant did not see or purchase any drugs other than crack cocaine, and that Officer Mosca had no evidence that any drug besides crack cocaine was present in the residence. (Tr. 37-38). Because these factual findings are supported by competent, credible evidence from the record, we will accept them as true and continue with our review.
 {¶ 10} In discussing warrant requirements, the Ohio Supreme Court has stated:
 {¶ 11} "In search and seizure cases where a warrant is involved, the requisite specificity necessary therein usually varies with the nature of the items to be seized. Where, as here, the items are evidence or instrumentalities of a crime, it appears that the key inquiry is whether the warrants could reasonably have described the items more precisely than they did." State v. Benner (1988), 40 Ohio St.3d 301, 307.
 {¶ 12} Thus, we must determine whether, in this matter, the warrant could have described the items to be seized more precisely than it did. We conclude it could have.
 {¶ 13} In finding that the warrant in this case was too broad, the trial court cited to State v. Dalpiaz (2002),151 Ohio App.3d 257. In Dalpiaz, the Eleventh District found that the police only had evidence that the defendant was cultivating and selling marijuana. Despite this, the warrant authorized a search for, among other things "`[a]ny drug processing, making, manufacturing, producing, transporting, delivering, processing, storing, distributing, selling, using, or other-wise dealing with a controlled substance, and all other fruits and instrumentalities of the crime at the present time unknown'" and "`any and all evidence pertaining to violations of the drug laws of the State of Ohio; Ohio Revised Code, and all other fruits and instrumentalities of the crime at the present time unknown.'" Id. at ¶ 29. It did not specify marijuana.
 {¶ 14} The court stated that instead of narrowly tailoring the warrant to provide specifically for the seizure of marijuana and marijuana related items, the warrant was so broad it encompassed any evidence relating to a violation of the Ohio drug laws. Id. at ¶ 30. The court found that this "laundry list" approach to search warrants was an unacceptable impingement onFourth Amendment rights. Id.
 {¶ 15} Like Dalpiaz, in this case the trial court found that the police only had evidence of trafficking in one type of drug, crack cocaine, yet the warrant allowed for the search of all "drugs of abuse as defined by O.R.C. 3719.011 (A)." While this broad term includes drugs such as cocaine and marijuana, it also includes such intoxicants as plastic cement, gasoline, anesthetic gas, and prescription medications. The fact that crack cocaine is specifically listed in the warrant is not enough to distinguish this case from Dalpiaz, because the warrant still included a broad and vague "laundry list" of items to be searched for. There is no evidence to suggest that the officers suspected they might find such things as plastic cement and anesthetic gas. Appellant should have been more particular in describing the items to be seized in the affidavit and search warrant. Search warrants should not be so general as to send police officers on fishing expeditions for contraband. Nor should they simply contain the same cookie-cutter language used in every warrant. Thus, appellant's first argument is without merit.
 {¶ 16} In its second argument, appellant contends that the police acted in good faith by relying on the warrant's validity when they executed the search. Appellant argues that, given the officers' knowledge that the residence was a drug house, the complaints by citizens, a prior search on July 27, 2000 that yielded narcotics, and the confidential informant's information, the officers could reasonably presume the warrant was valid. Appellant also contends that, because the search warrant had been approved by a judge, it was sufficient to satisfy the officers' belief that it was valid.
 {¶ 17} The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures. The exclusionary rule acts to protect people's Fourth Amendment rights by making illegally seized evidence inadmissible in court, thus deterring police officers from conducting unlawful searches.State v. Young (2001), 146 Ohio App.3d 245, 257 citing U.S. v.Leon (1984), 468 U.S. 897; Mapp v. Ohio (1961), 367 U.S. 643. An exception exists to the exclusionary rule however when an officer acts in good faith in executing an invalid warrant. The good faith exception will apply if the officer obtained the evidence while acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate.State v. George (1989), 45 Ohio St.3d 325, 330.
 {¶ 18} Appellee refers us to Young, 146 Ohio App.3d 245, where, based on the observation of one baggie of marijuana, a police officer applied for a search warrant using a boiler-plate form listing all illicit controlled substances, which he believed were being concealed based on his observation. Id. at 255. The court noted that the officer should have known that he could not expect to find all of those items in a house based on his observation of a baggie of marijuana. Id. The court held that the officer could not use the good faith doctrine to justify his execution of the search warrant. Analogizing Young to this case, appellee contends that no reasonable officer could expect that he was violating every drug law in Ohio based on one controlled buy of crack cocaine and the limited observations of the arresting officers. Therefore, appellee concludes, the officers' activity went beyond the good faith exception.
 {¶ 19} What appellee fails to mention about Young, is that the only evidence the officer had in that case to support the affidavit and search warrant was his observation of one baggie of marijuana. The court explicitly noted that the assumption that the defendant's house was a "drug house" was not based on any other evidence such as a tip from an informant, police observation of the house, or a controlled drug buy. Young,146 Ohio App.3d at 255. Thus, the court concluded that the officer in that case could not rely on the good faith exception in executing the search warrant. In this case, evidence that was absent inYoung is present. Officer Mosca stated in his affidavit, among other things, that: (1) the YPD was approached by a reliable informant who advised them that an individual at the Nair Street residence was selling crack cocaine; (2) the YPD conducted surveillance of the house during which officers noticed numerous people enter the house, stay for a short time and leave, which is consistent with drug activity; (3) citizens in the area complained to police about the sale of drugs at the house; and (4) officers made a controlled buy of crack cocaine from the residence.
 {¶ 20} Despite these additional facts, Officer Mosca still had no evidence that he was likely to find any drug other than crack cocaine on the premises. As Officer Mosca noted in the affidavit, the informant only disclosed that appellee was selling crack cocaine on the premises. Moreover, this is the only drug that the informant purchased during both the controlled and uncontrolled buys. Additionally, the complaints from the neighbors are not detailed in the affidavit to evidence that any specific drugs were sold on the premises. Finally, the July 27, 2000 search noted in the affidavit seems irrelevant, as it was conducted nearly three years before the search in question. Officer Mosca should have known that he could not reasonably expect to find drugs other than crack cocaine on the basis of the evidence contained in his affidavit. Therefore, based on the reasoning of Young, there was not probable cause to support the execution of the search warrant in good faith. For these reasons, appellant's second argument is without merit.
 {¶ 21} In its third argument, appellant contends the trial court committed reversible error because it did not sever the evidence. Appellant argues that because the warrant listed crack cocaine specifically, it was sufficiently particular as to that drug. Therefore, appellant deduces, the trial court should have admitted the crack cocaine and severed evidence of the marijuana seized from the residence. Appellant concludes that since severance of the warrant was proper, the court should have then admitted the marijuana under the plain view doctrine.
 {¶ 22} Appellee responds that appellant failed to ask the trial court to consider either of these issues, thus waiving them on appeal. Although appellee is correct in his assertion that appellant failed to raise these issues before the trial court, we are presented here with a question of law regarding whether the trial court failed to apply the proper standard in considering appellee's motion to suppress. For this reason, we will examine appellant's argument.
 {¶ 23} Other courts faced with similar situations have found evidence seized pursuant to a defective search warrant admissible. For instance, in State v. Clark (June 18, 1993), 4th Dist. No. 92 CA 485, police seized marijuana from a residence pursuant to a warrant authorizing a search for and seizure of marijuana, along with an extensive list of other items. The Fourth District agreed that there was no showing of probability of many of the items listed in the warrant. However, in upholding the trial court's decision not to suppress the marijuana, the court first noted that there was probable cause to believe that marijuana would be found on the premises. The court, quoting 2 LaFave, Search and Seizure (2 Ed. 1987) 257 et seq., Section 4.6(f) noted:
 {¶ 24} "`[I]t would be harsh medicine indeed if a warrant which was issued on probable cause and which did particularly describe certain items were to be invalidated in toto merely because the affiant and magistrate erred in seeking and permitting a search for other items as well.'"
 {¶ 25} Likewise, in State v. Napier (Apr. 16, 1999), 2d Dist. No. 17326, the court examined a search warrant that authorized police to search for many specific items and "any other contraband found on the premises." The court concluded that because the warrant listed so many specific, particularly described items, all having to do with the illegal sale of alcohol, the catch-all provision had to be read in conjunction with the list of particularly described items. The court found that the officers' discretion in executing the warrant was reasonably guided and limited, and that the warrant provided sufficient specificity regarding the items sought. "Therefore, the catch-all phrase did not invalidate the entire warrant by authorizing a constitutionally overbroad, general exploratory search which permitted officers to rummage through anything and everything and seize whatever they wanted." Id. However, the court continued. It noted, assuming arguendo, that the catch-all provision was impermissibly broad and invalid, that the invalid portion of the warrant was severable from the valid portions of the warrant. And items the officers found in plain view while executing the valid portion of the warrant were admissible.
 {¶ 26} And in State v. Harris (Dec. 21, 1987), 10th Dist. No. 87AP-152, the court noted that the deterrent purposes of the exclusionary rule were sufficiently served by carefully severing the invalid portions of the warrant from the valid portions, and excluding evidence gained only through the execution of the invalid portions of the warrant. Thus, it instructed that courts must ask the question whether items discovered in plain view would have been found if the police executed only the valid portion of the warrant. The court commented:
 {¶ 27} "We conclude that the exclusionary rule should not be applied, not because of the rule of United States v. Leon
(1984), 468 U.S. 897, but rather because defendant was not prejudiced by the circumstances presented herein.
 {¶ 28} "* * *
 {¶ 29} "The drugs and drug paraphernalia found in defendant's home would have been discovered regardless of the invalid portions of the warrants. * * * Many of those items supported by probable cause were just as small and as easily concealable as those items not supported by probable cause. A search for items under the valid part of the warrant, therefore, could have lead the police to just as many or more areas of the home as a search for invalid items."
 {¶ 30} In the case at bar, Officer Mosca had probable cause to expect that crack cocaine would be found on the premises, though he did not have the same requisite probable cause to expect to find all other drugs of abuse as defined by R.C.3719.011(A). Therefore, the trial court should have severed the warrant and admitted the crack cocaine. And even if the officers had only executed the valid portion of the warrant, they still would have discovered the marijuana since they would have searched for crack cocaine in the same place that the marijuana was ultimately discovered. Officers Mosca and Price testified that the baggies of marijuana were found in the bedroom appellee was occupying and were within his arm's reach. (Tr. 22-23, 48). The baggies of marijuana could just as easily have been baggies of crack cocaine. Furthermore, the officers found the $638 in appellee's pocket, which would be a likely place to look for crack cocaine. (Tr. 47). Hence, the officers would have found the marijuana and money even if they only executed the portion of the warrant for the crack cocaine. Since the officers would have discovered this evidence had they only searched for crack cocaine, the trial court should not have suppressed it.
 {¶ 31} For these reasons, appellant's third argument has merit and thus the sole assignment of error is sustained.
 {¶ 32} Accordingly, the trial court's judgment is hereby reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs. See concurring opinion.