[Cite as *State v. Shoults*, 2019-Ohio-1400.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-05-009 |
| Appellee, | : | O P I N I O N<br>4/15/2019 |
| | : | |
| - vs - | : | |
| | : | |
| CLAYTON J. SHOULTS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20170334

Jess C. Weade, Fayette County Prosecuting Attorney, John M. Scott, Jr., Fayette County Courthouse, 110 East Court Street, Washington Court House, OH 43160, for appellee

James T. Boulger, 45 West Fourth Street, Chillicothe, OH 45601, for appellant

**M. POWELL, J.**

{¶ 1}  Appellant, Clayton Shoults, appeals a decision of the Fayette County Court of Common Pleas denying his motion to suppress.

{¶ 2}  On October 17, 2017, law enforcement officers executed a search warrant at a single-family home located at 1117 Yeoman Street in Washington Court House, Ohio (the "target residence").  The search warrant was predicated upon an affidavit filed the day

before by Anthony Cable, a special agent of the Ohio Department of Taxation, Criminal Investigation Division.

{¶ 3} The Ohio Department of Taxation ("ODT") had discovered that several fraudulent income tax returns had been filed for inmates incarcerated in Ohio Correctional Institutions. In his affidavit, Agent Cable stated that ten such false tax returns were electronically filed in April 2017, and that they were associated with three separate Internet Protocol ("IP") addresses. Five of those false tax returns were associated with one particular IP address. This IP address was issued by Charter Communication to an individual identified as suspect 1. Associated with each electronically filed tax return was a bank account to which each tax refund was deposited. Four bank accounts were used for the ten false tax returns. The four bank accounts were linked to four "Netspend" cards. In April and May 2017, all four bank accounts were accessed electronically from the IP address issued by Charter Communication to suspect 1.

{¶ 4} The affidavit stated that because suspect 1 had moved several times between May and October 2017, ODT was unable to determine a permanent residence for suspect 1. Consequently, ODT obtained a warrant from the Franklin County Common Pleas Court to place a GPS tracking device on the vehicle driven by suspect 1. The GPS tracking device showed that between September 6, 2017, and October 16, 2017, the vehicle driven by suspect 1 was parked numerous times at or in the vicinity of the target residence in Washington Court House.

{¶ 5} The affidavit stated that suspect 1 had an extensive criminal record, including crimes of violence and narcotics trafficking. The affidavit further stated that another individual, suspect 2, was also believed to be residing in the target residence and that he, too, had an extensive criminal record, including kidnapping, weapons charges, and other crimes of violence.

{¶ 6} The affidavit stated that Agent Cable had been a special agent with ODT's Criminal Investigation Division for 16 years and that he had conducted and participated in investigations involving tax fraud and identity theft. Agent Cable averred that in his experience, fraudulent filers and identity thieves use electronic devices, including cellphones and computers, to access fraudulent accounts and claims, communicate with one another, and find information on the internet in furtherance of their fraudulent activities, and that electronic devices provide fraudulent filers and identity thieves with mobile access and control over their illegal activity. The affidavit detailed the manner in which electronic devices are used to commit tax fraud and identity theft crimes and store data to facilitate such crimes.

{¶ 7} Based upon his training and experience and the facts described in the affidavit, Agent Cable stated there was probable cause to believe that evidence of identity theft, telecommunications fraud, fraudulent tax return filings, and participation in a criminal gang would be found in the target residence and in electronic devices found therein.

{¶ 8} On October 16, 2017, a Washington Court House municipal judge issued a search warrant for the target residence. The search warrant was executed the next day. During the course of the search, ODT agents discovered two safes which contained cocaine, marijuana, $1,340, and other items. The search further yielded appellant's birth certificate, an ID card in appellant's name, two car titles in appellant's name, and an iPhone.

{¶ 9} Appellant was indicted on one count each of trafficking in cocaine, trafficking in marijuana, cocaine possession, and marijuana possession. Appellant moved to suppress the evidence, arguing that the affidavit contained insufficient facts to establish probable cause to issue the search warrant. The trial court denied the motion to suppress. Appellant subsequently pled no contest to one count of trafficking of cocaine and one count of trafficking in marijuana. The trial court accepted his plea and sentenced him to an

aggregate three-year prison term.

{¶ 10} Appellant now appeals, raising three assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT PROVIDED A SUBSTANTIAL BASIS FOR CONCLUDING THAT THERE WAS PROBABLE CAUSE TO ISSUE A WARRANT TO SEARCH THE RESIDENCE, CURTILAGE, OUTBUILDINGS, VEHICLES, AND ANY PERSON OR PERSONS ON THE TARGET PREMISES.

{¶ 13} Appellant argues that the trial court erred in denying his motion to suppress because the search warrant affidavit submitted by Agent Cable was insufficient to establish probable cause. Specifically, appellant argues the affidavit was deficient because it did not indicate (1) when the GPS tracking device was attached to the vehicle, (2) whether suspect 1 owned, leased, borrowed, or stole the vehicle, (3) whether suspect 1 was the driver or a passenger in the vehicle when it was parked in the vicinity of the target residence, (4) when or whether Agent Cable knew suspect 1 drove the vehicle, (5) how suspect 1 was associated with the target residence besides the vehicle, and (6) whether suspect 1 was ever observed in or around the target residence or the vehicle while it was parked in the vicinity of the target residence.

{¶ 14} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Nelson*, 12th Dist. Clermont No. CA2017-08-042, 2018-Ohio-2819, ¶ 17. Thus, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* "An appellate court, however, independently reviews the

trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 15} The Fourth Amendment to the United States Constitution provides that

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶ 16} In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the duty of the judge or magistrate issuing the warrant is to simply "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus; *Nelson*, 2018-Ohio-2819 at ¶ 18. The issuing judge or magistrate is confined to the averments contained in the affidavit supporting the issuance of the search warrant. *State v. Moore*, 12th Dist. Fayette No. CA2017-11-023, 2018-Ohio-3122, ¶ 32.

{¶ 17} When reviewing the decision to issue a search warrant, neither a trial court nor an appellate court will conduct a de novo determination as to whether the affidavit provided sufficient probable cause. *State v. Quinn*, 12th Dist. Butler No. CA2011-06-116, 2012-Ohio-3123, ¶ 21. Instead, the duty of a reviewing court is limited to ensuring that the issuing judge or magistrate had a substantial basis for concluding that probable cause existed based on the information contained in the four corners of the affidavit filed in support of the warrant. *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, ¶ 13; *Nelson* at ¶ 19.

Furthermore, in conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, reviewing courts must accord great deference to the issuing judge's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. *Jones* at ¶ 14. This court should therefore "not invalidate [warrants] by interpreting [affidavits] in a hypertechnical, rather than commonsense, manner." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317 (1983).

{¶ 18} Upon reviewing Agent Cable's affidavit, we find it provided the necessary probable cause for the issuance of the search warrant. The affidavit provided that the information submitted in the affidavit was based upon Agent Cable's "personal knowledge, as well as information learned from other law enforcement agents, investigators, witnesses, and documents." The affidavit identified the vehicle to which the GPS tracking device was attached as "the vehicle driven by suspect 1," and stated that "the vehicle driven by suspect 1 [was] parked at or around the target residence numerous times since September 6, 2017." The affidavit connected the electronic filing of false tax returns to a specific IP address whose "subscriber is suspect 1." The affidavit further stated that four bank accounts were used for the false tax returns, the bank accounts were linked to Netspend cards, and all four bank accounts were accessed electronically from suspect 1's IP address. Thus, the affidavit connected suspect 1 to the target residence, the electronic filing of false tax returns, and the tax refund proceeds through the IP address, the bank accounts, and the Netspend cards. The electronic filing of the false tax returns necessarily involved the use of electronic devices, as did the use of the Netspend cards and the access to the bank accounts.

{¶ 19} For the foregoing reasons, and deferring to the issuing judge's determination of probable cause, we find that the issuing judge had a substantial basis for concluding that probable cause existed in support of issuing a search warrant for the target residence.

{¶ 20} Appellant's first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN FAILING TO FIND THAT THE "ALL PERSONS" PROVISION OF THE WARRANT FOR THE SEARCH OF THE TARGET RESIDE[N]CE CONSTITUTED AN INVALID GEN[E]RAL WARRANT AND IN FAILING TO CONCLUDE THAT THE SEARCH OF THE DEFENDANT'S PERSON AND PERSONAL PROPERTY WAS A VIOLATION OF HIS RIGHT TO BE FREE FROM UNREASONABLE SEARCHES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 14 OF THE OHIO CONSTITUTION.

{¶ 23} The search warrant contained a provision which allowed officers to search "any person or persons at [the target residence], identities known or otherwise." The provision was itself predicated upon paragraph 19 of the affidavit, which stated

> Because several people may share target residence as a residence, it is possible that the target residence will contain electronic devices that are predominantly used, or perhaps owned, by person[s] who are not suspected of a crime. If it is nonetheless determined that it is possible that the things described in this warrant could be found on any of those electronic devices, the warrant applied for would permit the seizure and review of those items as well.

{¶ 24} Appellant argues the trial court erred in denying his motion to suppress because the warrant was an invalid "general warrant" that improperly allowed a search of all electronic devices found in the target residence even if they were owned or used by a person not suspected of being involved in the offenses under investigation. Appellant further argues that the search warrant does not meet the criteria for an "all persons" warrant pursuant to *State v. Kinney*, 83 Ohio St.3d 85 (1998).

{¶ 25} "A search warrant authorizing the search of 'all persons' on a particular premises does not violate the Fourth Amendment requirement of particularity if the

- 7 -

supporting affidavit shows probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant." *Kinney* at syllabus. The Ohio Supreme Court noted the danger that an "innocent person may be swept up in a dragnet and searched." *Id.* at 95. Probable cause is more likely to exist when the search is for items easily concealed or transported and the search of all persons will be conducted in a private residence *Id.* at 91.

{¶ 26} The supreme court adopted guidelines to assist a judge or magistrate in the determination of probable cause within the context of an "all persons" warrant, including a consideration of the size of the area to be searched; whether the premises are public or private; the nature and importance of the suspected illegal activity; the number and behavior of persons observed; the purpose of the search and the difficulty of a more specific description of the persons to be searched; whether persons completely unconnected with the suspected illegal activity have been observed at the premises; and the necessity for an "all persons" search. *Kinney*, 83 Ohio St.3d at 95; *State v. Hash*, 9th Dist. Medina No. 10CA0008-M, 2011-Ohio-859, ¶ 10. In adopting these guidelines, the supreme court emphasized that "we do not intend to make the process of determining the sufficiency of an affidavit a hypertechnical one. When an 'all persons' warrant is requested, determination of probable cause will still require practical, common-sense decisionmaking by magistrates." *Kinney* at 95; *Quinn*, 2012-Ohio-3123 at ¶ 31.

{¶ 27} In addition to probable cause, the supreme court also mandated a particularity requirement:

> [A]n "all persons" clause may still be "carefully tailored to its justifications" if probable cause to search exists against each individual who fits within the class of persons described in the warrant. The controlling inquiry is whether the requesting authority has shown probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant. If such

> probable cause is shown, an "all persons" provision does not violate the particularity requirement of the Fourth Amendment.

*Kinney* at 91.

{¶ 28} We find that the affidavit presented probable cause for the judge to issue the "all persons" warrant. The affidavit detailed the use of electronic devices in filing the false income tax returns and accessing the income tax refunds. The affidavit implicated suspect 1 as involved with the fraudulent activity under investigation due to his connection to the IP address that was used to facilitate the filing of the false tax returns. The affidavit detailed Agent Cable's experience in investigating tax fraud and identity theft involving the use of electronic devices and the manner in which such devices are used to commit and facilitate tax fraud and identity theft. The affidavit further described the target residence as a single-family residence, thus suggesting that persons present in the target residence may be expected to be residents of the home or associates of the residents. These factors support a finding of probable cause that "all persons" present in the target residence may be associated with and possess relevant evidence of the tax fraud. *See Quinn*, 2012-Ohio-3123.

{¶ 29} Significantly, the suspected illegal activity involved the use of electronic devices. An IP address is a string of numbers associated with the internet connection of a particular service provider and is akin to the street address of a person's internet service. *See State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145. A computer, tablet, or other electronic device accesses the internet by connecting to a modem. *See State v. Lowe*, 2d Dist. Montgomery No. 26994, 2017-Ohio-851. Multiple devices can connect to the modem and access the internet simultaneously. *Id.* Any connecting device would use the modem's IP address as its public IP address to electronically file false tax returns and access bank accounts.

{¶ 30} Here, the IP address used to electronically file the false tax returns and access the bank accounts was issued to suspect 1. However, this information does not identify who was actually using an electronic device at the relevant time to commit tax fraud. Thus, Agent Cable obtained a search warrant for the target residence based upon his belief electronic devices at that address were used to commit tax fraud and identity theft. The question for the issuing judge was whether a fair probability that an electronic device used to commit the illegal activities would be found in the target residence. The specific device and who owned it was not nearly so important as the fact that there was a device and it was likely in the residence. *Id.* at ¶ 19. When an "all persons" warrant is requested, determination of probable cause still requires practical, common-sense decision making by issuing judges who "ought to be permitted to make common-sense inferences supported by other evidence in the affidavits." *Kinney*, 83 Ohio St.3d at 95-96. "When a magistrate has determined that every person at a particular location is, upon the evidence, properly suspected of wrongdoing or of holding important evidence, the same standard has been applied." *Id.* at 92. "Thus, the danger of reaching innocent parties does not, in this regard, render an 'all persons' provision in a warrant unreasonable." *Id.*

{¶ 31} For the foregoing reasons and based on the facts and circumstances provided, we find the trial court did not err in finding that the search warrant was a valid "all persons" warrant.

{¶ 32} Finally, there is no suggestion that the "all persons" nature of the search warrant yielded any evidence that would not otherwise have been within the proper scope of the warrant. Clearly, there was probable cause to search for electronic devices present in the target residence and to search any areas where such devices may be stored or concealed. The illicit drugs were not discovered while searching a person but while searching safes within the target residence. Obviously, laptop computers, tablets,

cellphones, hard drives, flash drives or other electronic devices could be stored in a safe. *See State v. Napier*, 2d Dist. Montgomery No. 17326, 1999 Ohio App. LEXIS 1986, *6-7 (Apr. 16, 1999) (finding that even if invalid, a catch-all provision of a search warrant did not invalidate the entire warrant, and upholding the seizure of drugs found in a gym bag in a closet while searching for computer disks associated with the sale of illegal alcohol ); *Casey*, 2004-Ohio-5789 at ¶ 25-30.

{¶ 33} Appellant's second assignment of error is overruled.

{¶ 34} Assignment of Error No. 3:

{¶ 35} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN FAILING TO FIND THAT THE WARRANT WAS INVALID FOR THE REASON THAT IT DID NOT SATISFY THE PARTICULARITY OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION IN THE DESCRIPTION OF THINGS TO BE SEIZED.

{¶ 36} Appellant generally argues that the search warrant was invalid because it was essentially a "laundry list of colossal proportions" that allowed "the seizure of the property of persons who are not suspected of crime," "a virtually limitless search of the contents of all electronic devices of any person found at the residence," and "the potential opening of libraries of personal information of persons not suspected of crimes base[d] on the mere possibility of discovering something relevant to the investigation."  In support of his argument, appellant cites *State v. Dalpiaz*, 151 Ohio App.3d 257, 2002-Ohio-7346 (11th Dist.); and *State v. Casey*, 7th Dist. Mahoning No. 03-MA-159, 2004-Ohio-5789.  Both decisions held that the respective search warrants for drugs were overbroad and were essentially an improper laundry list or a fishing expedition for contraband.

{¶ 37} After a review of the record, we find that appellant did not specifically raise this issue before the trial court in his motion to suppress and supplemental memorandum to the motion to suppress.  At most, the conclusory paragraph of appellant's supplemental

memorandum simply asserted that the search warrant was an "all persons" warrant "which is a further exacerbation of the violation of [appellant's] rights to be free from searches and seizures under warrants not issued upon probable cause or containing sufficient particularity describing the persons or things to be seized."

{¶ 38} It is "well-settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Guzman-Martinez*, 12th Dist. Warren No. CA2010-06-059, 2011-Ohio-1310, ¶ 9. Therefore, because appellant did not specifically raise this issue with the trial court, this matter is waived and we need not consider it for the first time on appeal. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 78; *State v. Adkins*, 12th Dist. Butler Nos. CA2014-02-036 and CA2014-06-141, 2015-Ohio-1698.

{¶ 39} Appellant's third assignment of error is overruled.

{¶ 40} In light of all of the foregoing, we find that the trial court did not err in denying appellant's motion to suppress.

{¶ 41} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.