DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Anthony Travis, appeals the decision of the Summit County Court of Common Pleas sentencing him to five years in prison for the crime of having a weapon under disability. We affirm the decision of the lower court.
 {¶ 2} Defendant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification, one count of robbery, in violation of R.C.2911.02(A)(2), with a firearm specification, and one count of having a weapon under disability, in violation of R.C.2923.13(A). Defendant pled not guilty and the case proceeded to a jury trial on May 23, 2005.
 {¶ 3} The jury convicted Defendant of having a weapon under disability, and acquitted him of the remaining charges. The trial court, on May 27, 2005, sentenced Defendant to serve five years in prison.
 {¶ 4} Defendant now appeals, asserting three assignments of error for our review. We will discuss Defendant's second and third assignments of error together in order to facilitate ease of discussion.
 ASSIGNMENT OF ERROR I
"The trial court erred in instructing the jury that as a matter of law the crime of burglary is an offense of violence under [R.C.] 2911.01."
 {¶ 5} In his first assignment of error, Defendant argues that the trial court erred when it instructed the jury that burglary is an offense of violence pursuant to R.C. 2911.01. The State maintains that as Defendant invited the above asserted error, he cannot now object to a jury instruction that he himself requested before the trial court. We agree.
 {¶ 6} During trial, the State attempted to introduce into evidence a journal entry of Defendant's prior conviction of burglary under R.C. 2911.12, a third degree felony. Defense counsel objected, asserting that the journal entry contained information regarding other charges that had been dismissed, and that pronouncement of those other charges could be prejudicial. The trial court agreed and stated that "the court will instruct as a matter of law that burglary is an offense of violence as part of the jury instructions, and that [the journal entry] won't come in." Defense counsel did not object.
 {¶ 7} Later, during a discussion of the definition of disability, for the charge of having a weapon under disability, Defense counsel suggested to the court that burglary is an offense of violence. He stated that the judge should instruct the jury on "something to the effect that you have heard testimony regarding prior convictions. I will indicate to you as a matter of law that burglary in [R.C.] 2911.12 is an offense of violence, period." The prosecution agreed, and the court took note. The court thereafter instructed the jury as follows: "jurors, you heard in this case testimony about [prior] convictions of this defendant. And I want to instruct you as a matter of law that burglary is an offense of violence."
 {¶ 8} After the jury was given the above instruction, Defense counsel objected to his own jury instruction. Defense counsel asserted that while R.C. 2911.12(A)(1), (A)(2), and (A)(3) were offenses of violence, R.C. 2911.12(A)(4) was not, and thus, the jury instruction was incorrect. The Court overruled the objection, indicating that it had taken judicial notice of Defendant's prior conviction for burglary, and that prior burglary conviction was indeed an offense of violence.
 {¶ 9} As Defense counsel requested the jury instruction that was actually given on whether burglary is an offense of violence, we find that any error he now complains of regarding the jury instruction was invited error. In State ex rel. Bitter v.Missig (1995), 72 Ohio St.3d 249, 254, the Ohio Supreme Court emphasized that "[u]nder the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." In this case, Defendant requested the jury instruction that the court actually gave, and now is trying to assert on appeal that the jury instruction was incorrect. This Court has previously held that "[t]he rule of invited error prohibits a party who induced error at trial from asserting such error on appeal." State v. Halle
(Sept. 1, 1993), 9th Dist. No. 16164, at 6.
 {¶ 10} Based on the above, we find that Defendant invited the error he now complains of, and thus, he is not permitted on appeal to take advantage of an alleged error that he induced the trial court to make. Consequently, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"[Defendant's] conviction is against the manifest weight of the evidence."
 ASSIGNMENT OF ERROR III
"[Defendant's] conviction is not supported by sufficient evidence."
 {¶ 11} In his second and third assignments of error, Defendant maintains that this conviction was based on insufficient evidence, and that it was against the manifest weight of the evidence. We disagree.
 {¶ 12} While sufficiency of the evidence and manifest weight of the evidence are legally distinct issues, we note that a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at 5. Sufficient evidence is required to take a case to the jury, therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes with it a finding of sufficiency of the evidence. State v. Roberts
(Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Therefore, we will focus our discussion on whether Defendant's conviction was against the manifest weight of the evidence.
 {¶ 13} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 14} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility.Sykes Constr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6.
 {¶ 15} Defendant was convicted of having a weapon under disability under R.C. 2923.13(A), which provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance, if any of the following apply:
"(1) The person is a fugitive from justice.
"(2) The person is under indictment for or has been convicted of any felony offense of violence[.]
"(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse[.]"
 {¶ 16} Above we upheld the trial court's instruction to the jury telling them that burglary, of which Defendant had been previously convicted of, was an offense of violence. Thus, the requirement of 2923.13(A)(2) that Defendant had been convicted of a felony offense of violence has been met. It follows then that if we determine that the trier of fact did not lose its way in finding that Defendant knowingly acquired, had or carried a firearm, that Defendant's conviction should be upheld.
 {¶ 17} In this case, a loaded gun was found in Defendant's bedroom underneath two mattresses. Defendant argues that the testimony presented does not show that he actually had the gun for purposes of having a weapon under disability.
 {¶ 18} "In order to `have' a firearm [within the meaning of R.C. 2923.13], one must either actually or constructively possess it." (Emphasis omitted.) State v. Hardy (1978),60 Ohio App.2d 325, 327. The Ohio Supreme Court has held that a person has constructive possession of something when he is able to exercise dominion or control over that item. State v. Wolery (1976),46 Ohio St.2d 316, 329. Circumstantial evidence alone is sufficient to support the element of constructive possession. See State v.Jenks (1991), 61 Ohio St.3d 259, 273.
 {¶ 19} The events leading to Defendant's conviction occurred on December 26, 2004. Dazzal Corn testified that on that day he was waiting for someone in his car. As he was sitting in his car, someone dressed all in black wearing a ski mask came up to his car and told him to open the door. When Corn refused to open the door, the individual pulled a gun and pointed it at him, told him to get out of the car, and take out all of his money and dope and leave it on the seat. Corn complied and left all of his money on the seat (he did not have any dope). The individual then took the money and told Corn to get back into his car and back out.
 {¶ 20} Corn stated that he thought that the person who had robbed him ran into Deshawn Hullman's house. Deshawn Hullman testified that Defendant had gone to her house on the day and time in question.
 {¶ 21} Corn contacted the police and told them what had happened. He then called Defendant's parole officer, and told him that Defendant had robbed him with a black gun that had tape around the handle. Corn testified that he knew Defendant most of his life and recognized Defendant's voice as the person who had robbed him.
 {¶ 22} Defendant's parole officer, Matthew Georgio, testified that Dazzal Corn had telephoned him, and informed him that Defendant had violated a condition of his supervision. Based on that phone call, Georgio and another parole officer proceeded to Defendant's residence on December 29, 2004. Defendant was not present, however, his mother answered the door and led them to Defendant's bedroom. A search of Defendant's bedroom yielded one of Georgio's business cards and a handgun underneath two mattresses which were on the floor. The gun "had black electrical tape wrapped around the grip and the serial numbers in two locations on the weapon were scratched off."
 {¶ 23} Based upon the circumstances surrounding the case, we find that a reasonable jury could have found that Defendant had constructive possession of the gun and thus was guilty of possessing a weapon under disability. The evidence persuades us that the jury did not lose its way in finding Defendant guilty. Defendant's second and third assignments of error are overruled.
 {¶ 24} Defendant's three assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Moore, J., concur.