DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Angelo R. Moore, appeals from the judgment of the Summit County Court of Common Pleas denying his motion for leave to file a motion for a new trial. We affirm.
 I *Page 2 {¶ 2} Following a jury trial, the court convicted Moore on May 11, 2004, of possession of cocaine in violation of R.C. 2925.11(A), possessing criminal tools in violation of R.C. 2923.24, and having weapons while under disability in violation of R .C. 2923.13(A). The trial court sentenced Moore to nine years in prison.
 {¶ 3} Immediately before the trial commenced, and after an in camera inspection, the court orally denied Moore's May 3, 2004 motion to unseal the affidavit that was used to support the warrant obtained by police to search his home. The Akron Municipal Court had sealed the affidavit prior to the transfer of Moore's case to the Summit County Court of Common Pleas in order to protect the identity of a confidential informant.
 {¶ 4} On June 10, 2004, Moore appealed his conviction as well as the trial court's denial of a motion to suppress that he had filed on March 29, 2004. On June 29, 2005, this Court affirmed the trial court's judgment. State v. Moore, 9th Dist. Nos. 22146 22216, 2005-Ohio-3304.
 {¶ 5} On August 15, 2005, Moore appealed our judgment to the Ohio Supreme Court. The Supreme Court declined his appeal on November 23, 2005. State v. Moore, 107 Ohio St.3d 1424, 2005-Ohio-6124.
 {¶ 6} On January 31, 2007, Moore filed another motion with the trial court to unseal the search warrant affidavit. The court denied his motion on February 27, 2007. Moore appealed the court's denial on March 27, 2007. We dismissed his appeal due to lack of jurisdiction on May 7, 2007. On November 7, 2007, Moore filed yet another motion with the trial court to unseal the affidavit. The court denied this motion on December 7, 2007.
 {¶ 7} On January 23, 2008, Moore filed a motion in the trial court for leave to file a delayed motion for a new trial. In his motion for leave, Moore alleged that he came into *Page 3 
possession of the affidavit on December 19, 2007. Moore premised his motion on the affidavit being "newly discovered evidence." The trial court denied his motion on February 14, 2008.
 {¶ 8} Moore timely appealed the trial court's denial, raising one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE DEFENDANT'S MOTION FOR A NEW TRIAL."
 {¶ 9} In his single assignment of error, Moore contends that the trial court erred in denying his motion for leave to file a motion for a new trial. We disagree.
 {¶ 10} The granting of a motion for a new trial is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Petro (1947), 148 Ohio St. 505, 507. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 11} Moore premised his motion for a new trial on what he believes to be "newly discovered evidence." What Moore purports to be newly discovered evidence is the affidavit provided in support of the warrant used by police to search his home. While Moore claims to now have a copy of the affidavit, it is not a part of the record provided to this Court. "This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete." Lunato v. Stevens PaintonCorp., 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶ 11. See, also,Ruf v. Ruf, 9th Dist. No. 23813, 2008-Ohio-663, at ¶ 6, quoting Loc. R. 5(A). "In *Page 4 
the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings." State v. Tillman (1997),119 Ohio App.3d 449, 454. The content of the search warrant affidavit is critical to our review of the record to determine whether Moore's request should be granted. Without the search warrant affidavit, we must presume regularity and conclude that the trial court did not abuse its discretion in denying Moore's motion for leave. Accordingly, Moore's sole assignment of error is overruled.
 III {¶ 12} Moore's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 5 
 SLABY, J. MOORE, P. J. CONCUR *Page 1