[Cite as *State v. Vu*, 2012-Ohio-746.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 11CA0042-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAN T. VU | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 06-CR-0374 |

DECISION AND JOURNAL ENTRY

Dated: February 27, 2012

WHITMORE, Judge.

{¶1} Defendant-Appellant, Lan Vu, appeals from her convictions in the Medina County Court of Common Pleas. This Court affirms.

I

{¶2} This Court previously recounted the facts underlying this matter in several related appeals. *See State v. Hoang*, 9th Dist. No. 09CA0061-M, 2010-Ohio-6054; *State v. Ha*, 9th Dist. No. 07CA0089-M, 2009-Ohio-1134. In essence, agents from the Medway Drug Enforcement Agency ("Medway") apprehended Vu in connection with a drug ring after simultaneously executing search warrants at four apartments and four houses. Vu and her husband, Lai Vu (collectively "the Vus"), were living at Stoneybrook Apt. 104 when Medway agents searched all of the residences on June 15, 2006. Medway confiscated over 23,000 grams of marijuana from the eight locations that its agents searched as well as numerous documents tying the members of the drug ring to one another.

{¶3}   Despite reporting a joint income of just over $20,000 for 2004 and 2005, the Vus had numerous high-end items in their apartment as well as a substantial sum of cash.  Moreover, they owned several vehicles; made large monthly deposits, at times in excess of $10,000; and paid a monthly mortgage of $1,600 for a house on Red Clover Lane.  The Red Clover Lane property, which was titled in Lai Vu's name, was one of the large-scale marijuana grow houses that Medway agents uncovered when they executed their warrants.

{¶4}   On June 23, 2006, a grand jury indicted Vu on one count of possessing marijuana, in violation of R.C. 2925.11(A)(C)(3)(f), and four attendant forfeiture specifications.  A supplemental indictment, filed August 17, 2006, added the following charges: (1) conspiracy to commit the crime of possessing marijuana, in violation of R.C. 2923.01(A)(1) and 2925.11(A)(C)(3)(f); (2) conspiracy to commit the crime of possessing marijuana, in violation of R.C. 2923.01(A)(2) and 2925.11(A)(C)(3)(f); (3) complicity to commit the crime of possessing marijuana, in violation of R.C. 2923.03(A)(2) and 2925.11(A)(C)(3)(f); (4) illegal cultivation of marijuana, in violation of R.C. 2925.04(A)(C)(5)(f); (5) conspiracy to commit the illegal cultivation of marijuana, in violation of R.C. 2923.01(A)(1) and 2925.04(A)(C)(5)(f); (6) conspiracy to commit the illegal cultivation of marijuana, in violation of R.C. 2923.01(A)(2) and 2925.04(A)(C)(5)(f); and (7) complicity to commit the illegal cultivation of marijuana, in violation of R.C. 2923.03(A)(2) and 2925.04(A)(C)(5)(f).  All additional seven charges also contained forfeiture specifications under R.C. 2925.42(A)(1).  The trial court later granted the State's request to consolidate Vu's trial with her husband, Lai Vu's, trial on the basis that the matters arose from the same circumstances and involved the same evidence.

{¶5}   After an extended period of discovery and motion filing, a jury trial began on May 7, 2007.  The jury found Vu guilty on all eight counts.  It further determined that all of the

property the State sought, with the exception of a wedding ring, was subject to forfeiture. The State elected to pursue a sentence only on the eighth count, as all of the counts were allied offenses of similar import. The trial court sentenced Vu to eight years in prison, and she appealed.

{¶6} This Court remanded the matter to the trial court, as the court's sentencing entry contained a defective post-release control notification. *State v. Vu*, 9th Dist. Nos. 07CA0094-M, 07CA0095-M, 07CA0096-M, 07CA0107-M & 07CA0108-M, 2009-Ohio-2945. Upon remand, the trial court held a resentencing hearing and issued another sentencing entry. Vu appealed, but this Court dismissed her second appeal by way of journal entry because the trial court did not clearly and unambiguously order forfeiture in its post-remand entry. *State v. Vu*, 9th Dist. Nos. 09CA0062-M & 09CA0101-M (Mar. 9, 2011). The trial court issued its final sentencing entry on March 11, 2011.

{¶7} Vu now appeals and raises fourteen assignments of error for our review. For ease of analysis, we consolidate and rearrange several of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS FOR VIOLATION OF RIGHTS TO SPEEDY TRIAL.

{¶8} In her first assignment of error, Vu argues that the trial court erred by failing to grant her motion to dismiss due to a speedy trial violation. We disagree.

{¶9} "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the state of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). Ohio's speedy trial statute provides that a person charged with a felony must be brought to trial within two hundred seventy days of his arrest. R.C. 2945.71(C)(2). Yet, "each day during which

the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Accordingly, if a person charged with a felony remains in jail in lieu of posting bond, that person must be brought to trial within ninety days of his arrest. *Id.* "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). Under certain conditions, however, the time within which an accused must be brought to trial can be tolled. *State v. Dalton*, 9th Dist. No. 09CA009589, 2009-Ohio-6910, ¶ 21. Speedy trial time can be tolled for "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). Additionally, speedy trial time can be tolled for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).

{¶10} Vu remained in jail from the date of her arrest until her trial date. She, therefore, was entitled to R.C. 2945.71's triple-count provision and, absent some tolling event(s), the State had to bring her to trial within 90 days. *See* R.C. 2945.71(E). Vu was arrested on June 15, 2006, and her trial began on May 7, 2007; 326 days later for purposes of her speedy trial rights. *See State v. Browand*, 9th Dist. No. 06CA009053, 2007-Ohio-4342, ¶ 12 ("Time is calculated to run the day after the date of arrest."). Nevertheless, the record does not support Vu's assertion that her speedy trial rights were violated.

{¶11} Vu filed numerous motions on July 18 and 19, 2006, including requests for a bill of particulars, discovery, and a reduction of her bond. At that point, just over 30 days had elapsed since Vu's arrest, and her motions constituted tolling events. *State v. Murray*, 9th Dist. No. 03CA008330, 2004-Ohio-4966, ¶ 22; R.C. 2945.72(E). Thereafter, Vu filed a large number

of motions throughout the course of the proceedings, causing the court to hold several hearings. Two noteworthy motions were Vu's suppression motion, filed July 25, 2006, and her request for an interpreter, filed August 30, 2006. The court was unable to resolve the interpreter issue until February 22, 2007 due to scheduling issues and difficulty finding a qualified interpreter. In the interim, Vu requested and received more than one continuance and filed several more motions, including additional requests for discovery, the production of certain jail recordings, and a more detailed bill of particulars. *See id.*; R.C. 2945.72(H). The court continued the trial date three times at the request of the defense and had to reschedule the suppression hearing several times, due to the need for the interpreter. At the court's request, Vu's counsel filed a list of all of Vu's outstanding motions on April 23, 2007. The list contained nine outstanding motions filed between July 18, 2006, and March 20, 2007. Further, even after the court ruled on several of the motions within days of receiving the list, Vu's counsel filed three additional motions to suppress on April 27, 2007, ten days before trial.

{¶12} Vu sought to dismiss this case prior to trial based on a speedy trial violation. The court entered a detailed entry denying her motion on July 2, 2007, setting forth its calculations and the applicable tolling events. Vu does not take issue with any particular calculation or the court's entry. Instead, she argues that her speedy trial time expired based strictly on her 1) having received one continuance, and 2) assigning a 21 day "reasonable response time" to each motion she filed to calculate her speedy trial time. Vu, however, requested more than one continuance and has not provided any supporting case law or analysis as to why 21 days would constitute a "reasonable response time" for every motion she filed, regardless of its content or complexity. *See* App.R. 16(A)(7). Additionally, she has not identified any particular motion upon which the State or trial court allegedly failed to act in a timely manner. *Id.* As this Court

has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Vu's first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE INDICTMENT IS SERIOUSLY DEFECTIVE ON ITS FACE IN THAT IT: FAILS TO PROPERLY SPECIFY A SUBSTANTIAL, OVERT ACT UNDERTAKEN IN FURTHERANCE OF THE CONSPIRACY; FAILS TO ALLEGE A SUBSTANTIAL, OVERT ACT THAT IS CRIMINAL IN NATURE; ALLEGES AS A SUBSTANTIAL, OVERT ACT CONDUCT CONSTITUTIONALLY PROTECTED; AND, MAKES DISCRIMINATING ALLEGATIONS OF RACIAL PROFILING.

{¶13} In her second assignment of error, Vu argues that her indictment was defective. Specifically, she argues that her indictment: (1) failed to identify a substantial, overt act for purposes of her conspiracy charge; (2) improperly included constitutionally-protected behavior as one basis for her conspiracy charge; (3) and stemmed from racial profiling.

{¶14} Although it is underdeveloped, we initially address Vu's argument that her conspiracy convictions[1] are void. A conspiracy conviction is void if the indictment upon which it is prefaced does not "allege some specific, substantial, overt act performed in furtherance of the conspiracy." *State v. Childs*, 88 Ohio St.3d 194 (2000), syllabus. *Accord State v. Callahan*, 9th Dist. No. 20432, 2001 WL 1240138, *4 (Oct. 17, 2001). Here, however, Vu's indictment identified several overt acts, charged in the alternative. It is therefore distinguishable from the indictment in *Childs* and Vu's conspiracy convictions are not void on that basis. *See Childs*, 88 Ohio St.3d at 197-198 (noting that the indictment at issue failed to identify any overt act performed in furtherance of the conspiracy).

---

[1] Although this Court recognizes that Vu was not "convicted" of conspiracy, as it was an allied offense for which she did not receive a sentence, we refer to it as a "conviction" for ease of analysis.

{¶15} Vu never challenged her indictment in the court below for the reasons she asserts in her assignment of error. In *State v. Hoang*, this Court addressed the same assignment of error, which arose from the same procedural context. *Hoang*, 2010-Ohio-6054, at ¶ 18-21. We declined to address Hoang's arguments, as he did not assert that his indictment was defective in the trial court and failed to argue plain error on appeal. *Id.* at ¶ 20-21. The same result must control here. "Because [Vu] forfeited [these] argument[s] below and has not argued plain error on appeal, we will not address [their] merits." *Id.* at ¶ 21. Vu's second assignment of error is overruled.

<u>Assignment of Error Number Three</u>

THE TRIAL COURT ERRED IN PERMITTING THE INDICTMENT TO BE AMENDED FROM A SPECIFIC GRAND JURY FINDING OF 43,000 GRAMS OF MARIJUANA TO "IN EXCESS OF 20,000 GRAMS[.]"

{¶16} In her third assignment of error, Vu argues that the trial court erred by permitting the State to amend her indictment. We disagree.

{¶17} Crim.R. 7(D) permits the amendment of indictments and provides:

The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, * * * or to cure a variance between the indictment * * * and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury.

This Court will not reverse a trial court's decision to allow an amendment under Crim.R. 7(D) absent proof that the amendment prejudiced the defense. *State v. Dudukovich*, 9th Dist. No.

05CA008729, 2006-Ohio-1309, ¶ 16, quoting *State v. Beach*, 148 Ohio App.3d 181, 2002-Ohio-2759, ¶ 23 (1st Dist.).

{¶18} Vu's original indictment contained one count charging her with the possession of marijuana in an amount "exceeding twenty thousand grams, to wit: 40,300 grams." Her supplemental indictment added seven charges, but all of those charges limited their description of the marijuana to an amount "exceeding twenty thousand grams." The trial court later permitted the State to amend the possession of marijuana charge, consistent with the remaining charges, to eliminate "to wit: 40,300 grams" and leave the language "exceeding twenty thousand grams." The amendment occurred March 13, 2007, almost two full months before trial.

{¶19} Vu concedes that the amendment to count one did not change the charge or penalty for the charge. *See State v. Hickman*, 9th Dist. No. 20883, 2002-Ohio-3406, ¶ 42 (concluding that an amendment, pursuant to Crim.R. 7(D), was proper where it did not change the name or identity of the charge). She asserts, absent any further elaboration, that the amendment violated her constitutional rights because it struck a "specific factual finding" of the grand jury. Yet, she fails to point to any particular prejudice she suffered as a result of the amendment. *See Dudukovich* at ¶ 16. Count one already contained the language "exceeding twenty thousand grams." The amendment merely eliminated the more specific language following that amount and made the language in count one more consistent with language in the other seven counts. Given the nature of the amendment and the fact that it occurred almost two months before trial, we cannot conclude that Vu suffered any prejudice here. *State v. Jones*, 9th Dist. No. 18046, 1997 WL 775759, *3 (Oct. 29, 1997). Accordingly, the trial court did not err by permitting the State to amend count one. Vu's third assignment of error is overruled.

Assignment of Error Number Four

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE RESULTING FROM A SERIES OF SEARCH WARRANTS FOR LACK OF STANDING.

Assignment of Error Number Five

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE RESULTING FROM THE SEARCH WARRANT OF HER RESIDENCE APARTMENT AND RESIDENCE HOUSE WHEN FAILING FOR SPECIFICITY, SEIZURE REQUIREMENTS, AND PROBABLE CAUSE.

Assignment of Error Number Ten

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS SEARCH WARRANTS BASED FROM INVESTIGATION AND SECRETIVE INTELLIGENCE REPORTS.

{¶20} In her fourth, fifth, and tenth assignments of error, Vu argues that the trial court erred by denying her motions to suppress. We disagree.

{¶21} The Ohio Supreme Court has held that:

Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo. *State v. Conley*, 9th Dist. No. 08CA009454, 2009-Ohio-910, ¶ 6, citing *Burnside* at ¶ 8.

**Standing**

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

*Accord* Ohio Constitution, Article I, Section 14.

With respect to Fourth Amendment standing, this Court has held:

A defendant who seeks the suppression of evidence on the basis that the police obtained it pursuant to an illegal search and seizure "bears the burden of proving that he had a legitimate expectation of privacy." *State v. Blackert*, 9th Dist. No. 15409, 1992 WL 174642, *3 (July 22, 1992). "[S]uppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself[.]" *Alderman v. United States*, 394 U.S. 165, 171-172 (1969). "Fourth Amendment rights are personal in nature and may not be vicariously asserted by others." *State v. Dennis*, 79 Ohio St.3d 421, 426 (1997). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978).

*State v. Redding*, 9th Dist. No. 10CA0018-M, 2010-Ohio-4286, ¶ 8. "[W]hen a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, [her] testimony may not thereafter be admitted against [her] at trial on the issue of guilt unless [she] makes no objection." *Simmons v. United States*, 390 U.S. 377, 394 (1968).

{¶22} The trial court concluded that Vu lacked standing to challenge the warrants issued for residences at the following locations: Troon Avenue, Baywood Drive, Autumnwood Lane, Grand Lake Drive Apt. 102, and Stoneybrook Lane Apts. 106 and 107. The State conceded that Vu had standing to challenge the searches performed at the house her husband owned on Red Clover Lane and their apartment, Stoneybrook Lane Apt. 104, but asserted that Vu did not have a constitutionally protected interest in the remaining locations. At a hearing before the trial court,

Vu's counsel repeatedly represented that he did not have any witness to establish Vu's privacy interest in the other locations. As such, the trial court concluded that Vu failed to meet her burden on the issue of standing and denied her motion. *See, e.g., State v. McCraney*, 9th Dist. No. 17683, 1996 WL 688257, *3 (Nov. 27, 1996) (holding that defendant lacked standing to challenge a search because he failed to establish a privacy interest).

{¶23} Vu asserted in the court below that the trial court placed her in a "Catch-22" by insisting that she prove a possessory interest in the properties, as any such proof would aid the State's case. She also avers on appeal that it is illogical that she was barred from seeking suppression on the basis that she lacked a possessory interest, but was found guilty of possession, for which there had to be evidence of a possessory interest. The answer to both arguments lies in the difference between the suppression stage and the trial stage.

{¶24} Although the State bore the burden of proof at trial, it was Vu's burden to prove that she possessed a legitimate expectation of privacy for purposes of suppression. *Redding*, 2010-Ohio-4286, at ¶ 8, quoting *Blackert*, 1992 WL 174642, at *3. Further, any evidence she introduced at the suppression stage to prove that she had a possessory interest would not have been admissible against her at trial on the issue of guilt. *Simmons*, 390 U.S. at 394. The trial court explained both propositions of law to Vu's counsel at the suppression stage. Even so, Vu's counsel maintained that he did not have any testimony to offer, the record spoke for itself, and Vu automatically should be entitled to challenge the applicable search warrants, given that the State intended to pursue possession charges against her. The United States Supreme Court has specifically rejected the notion of "automatic standing," however, and it was Vu's burden to demonstrate a privacy interest. *State v. Johnson*, 63 Ohio App.3d 345, 347-348 (9th Dist.1989), citing *United States v. Salvucci*, 448 U.S. 83, 91-93 (1980). Because she failed to carry her

burden, the trial court did not err by concluding that she lacked standing to challenge the warrants issued for the houses at Troon Avenue, Baywood Drive, and Autumnwood Lane and the apartments at Grand Lake Drive and Stoneybrook Lane. Vu's fourth assignment of error is overruled.

**Warrant Specificity**

{¶25} A warrant must be based on probable cause, supported by an oath or affirmation, and contain a particular description of "the place to be searched, and the persons or things to be seized." U.S. Constitution, Fourth Amendment. In seeking to suppress evidence, a defendant may challenge the probable cause underlying a warrant, the particularity of the warrant itself, or both. *See State v. Armstead*, 9th Dist. No. 06CA0050-M, 2007-Ohio-1898, ¶ 8. An affidavit must provide a "substantial basis for concluding that probable cause existed." *State v. Walters*, 9th Dist. No. 25391, 2011-Ohio-6247, ¶ 9, citing *State v. George*, 45 Ohio St.3d 325 (1989), paragraph two of the syllabus. Probable cause exists if the facts and circumstances, as gathered from a trustworthy source, establish a "reasonable ground for belief of guilt." *Walters* at ¶ 11, quoting *Carroll v. United States*, 267 U.S. 132, 161 (1925). "In determining whether a warrant is specific enough, the key inquiry is whether the warrant could reasonably have described the items more precisely." *State v. Overholt*, 9th Dist. No. 02CA0108-M, 2003-Ohio-3500, ¶ 14. "A broad and generic description is valid if it 'is as specific as circumstances and nature of the activity under investigation permit' and enables the searchers to identify what they are authorized to seize." *State v. Armstead*, 9th Dist. No. 06CA0050-M, 2007-Ohio-1898, ¶ 10, quoting *United States v. Harris*, 903 F.2d 770, 775 (10th Cir.1990).

{¶26} Vu argues that the search warrant upon which the State relied to search 3384 Red Clover Lane and Stoneybrook Lane Apt. 104 was not supported by probable cause and lacked

adequate specificity. *See Armstead* at ¶ 8. The warrant Vu challenges, however, is not a part of the record on appeal. The record reflects that two sets of warrants were issued in this case: (1) thermal imaging warrants that were signed on or about June 7, 2006; and (2) search warrants for the search and seizure of property that were signed on or about June 15, 2006. Although both sets of warrants were discussed at hearings before the trial court, only the thermal imaging warrant is a part of the record. The warrant(s) issued on or about June 15, 2006 were never filed in the court below so as to make the warrant(s) part of the record.

{¶27} It is an appellant's burden to ensure that the record is complete on appeal. *State v. Leason*, 9th Dist. No. 25566, 2011-Ohio-6591, ¶ 14. "In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings." *State v. Tillman*, 119 Ohio App.3d 449, 454 (9th Dist.1997). Because the warrant and affidavit Vu challenges are not a part of the record, we cannot review their contents and must presume regularity in the proceedings. *State v. Moore*, 9th Dist. No. 24126, 2008-Ohio-3955, ¶ 11. Vu's fifth assignment of error is overruled.

**Intelligence Reports**

{¶28} Lastly, Vu argues that the trial court erred by denying her motion to suppress search warrants that were based upon "secretive intelligence reports." She claims that the use of the reports violated her right to confront witnesses and that the State's investigation stemmed from improper racial profiling. Yet, Vu offers no case law on the first point and no support in the record for the second point. Her argument that the State engaged in racial profiling is based upon "witness testimony in a co-defendant's trial." As this Court has repeatedly held, an appellant bears the burden of providing this Court with applicable legal authority and citations to the record in support of those legal propositions. *See, e.g., State v. Anderson*, 9th Dist. No.

25377, 2011-Ohio-563, ¶ 11, citing App.R. 16(A)(7). "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Vu's tenth assignment of error is overruled.

Assignment of Error Number Six

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION REQUESTING A MORE-SPECIFIC BILL OF PARTICULARS.

{¶29} In her sixth assignment of error, Vu argues that the trial court erred by not requiring the State to provide her with a more specific bill of particulars. We disagree.

> The purpose of the bill of particulars is to inform an accused of the exact nature of the charges against him so that he can prepare his defense thereto. It is not intended to provide the defendant with a synopsis of the evidence against him. * * * A bill of particulars is used when the indictment is so lacking in specific information that the defendant is unable to adequately prepare his defense."

(Internal quotations and citations omitted.) *State v. Tebcherani*, 9th Dist. No. 19535, 2000 WL 1729456, *6 (Nov. 22, 2000). A defendant must request a bill of particulars within twenty-one days of the arraignment. *State v. Wigle*, 9th Dist. No. 25593, 2011-Ohio-6239, ¶ 26, citing Crim.R. 7(E). "If a defendant requests specific times, dates, or places in a bill of particulars, a trial court must consider whether the [S]tate possesses the desired information and whether the information is material to the preparation of a defense." *State v. Sandoval*, 9th Dist. No. 95CA006150, 1996 WL 107002, *2 (Mar. 13, 1996), citing *State v. Lawrinson*, 49 Ohio St.3d 238, 239 (1990).

{¶30} The only bill of particulars the State filed in this matter pertains to the charge and forfeiture specifications in Vu's initial indictment. In her motion for an order to compel a more specific bill of particulars, Vu requested that the State provide information about the charges in her supplemental indictment, not her original indictment. The supplemental indictment was filed

on August 17, 2006, and Vu was arraigned on the supplemental indictment on August 25, 2006. She did not file her motion for a more specific bill of particulars until October 16, 2006. Further, although the motion was framed as one seeking more specific information, it was in reality the first bill of particulars request that Vu made for the charges in the supplemental indictment. Because she made the request more than twenty-one days after her arraignment on the supplemental charges, her request was untimely. *Wigle* at ¶ 26; Crim.R. 7(E).

{¶31} To the extent that the trial court could have ordered the State to produce a bill of particulars on the supplemental indictment, Vu has not shown any actual prejudice as a result of its failure to do so. *See* Crim.R. 7(E) (permitting court to order the State to produce a bill of particulars, irrespective of the twenty-one day time limit); *State v. Adams*, 9th Dist. No. 2621, 1992 WL 36156, *1 (Feb. 26, 1992) (holding that trial court did not err by refusing to order a bill of particulars where the nature of the charges were known and no prejudice to the defense resulted). The State provided Vu with a large amount of discovery during the course of the proceedings, and specific dates and times were difficult to discern due to the complexity of the conspiracy. *See Sandoval*, 1996 WL 107002, *2; *State v. McEwen*, 9th Dist. No. 93CA005767, 1995 WL 231404, *8-9 (Apr. 19, 1995); *State v. Gingell*, 7 Ohio App.3d 364, 368 (1st Dist.1982). Vu's only argument is that, had the State provided more specific information, she might have been able to provide alibi evidence. Yet, Vu never filed a notice of intent to rely on an alibi or presented any testimony in her own defense at trial. *See State v. Sellards*, 17 Ohio St.3d 169, 172-173 (1985) (rejecting defendant's argument that the State's lack of specificity was detrimental to his purported alibi defense). Her assertion that she might have produced alibi testimony is wholly speculative. Based on our review of the record, we must conclude that the

trial court did not err by not ordering the State to produce a bill of particulars for the supplemental indictment. Vu's sixth assignment of error is overruled.

Assignment of Error Number Eleven

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO DISCLOSE THE IDENTITY OF THE INFORMANT(S).

{¶32} In her eleventh assignment of error, Vu argues that the trial court erred by refusing to order the State to disclose the identity of its confidential informants. We disagree.

{¶33} Vu filed a motion to compel the disclosure of any confidential informants shortly after her arraignment. Though the parties discussed Vu's motion on the record before trial, the record reflects that the trial court never expressly ruled on the motion. "[W]hen a trial court fails to issue a ruling on a pretrial motion, this Court presumes that the motion was denied." *State v. Jackson*, 9th Dist. Nos. 24463 & 24501, 2009-Ohio-4336, ¶ 14.

{¶34} "The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." *State v. Williams*, 4 Ohio St.3d 74 (1983), syllabus. *Accord Roviaro v. United States*, 353 U.S. 53, 60-62 (1957).

> [A] request for disclosure of an informant's identity requires a case by case balancing of the accused's right to confront his accusers and cross-examine the witnesses against him, and the protection of citizens who communicate their knowledge of the commission of crimes to law enforcement officials. Thus, when an informant's degree of participation is such that he is essentially a witness for the state, the balance tilts in favor of disclosure. Where disclosure would not be helpful or beneficial to the accused, on the other hand, the identity of the informant need not be disclosed.

(Internal citations omitted.) *State v. Smith*, 9th Dist. No. 21069, 2003-Ohio-1306, ¶ 63, citing *Williams*, 4 Ohio St.3d at 75-76. "[W]here the informant merely provided information

concerning the offense," the courts "have quite consistently held that disclosure is not required." *State v. Bays*, 87 Ohio St.3d 15, 25 (1999), quoting 3 LaFave & Israel, *Criminal Procedure*, Section 23.3 (1984). "The defendant bears the burden of establishing the need for disclosure." *Smith* at ¶ 63.

{¶35} In investigating Vu on the charges that led to her convictions, the State relied upon two confidential informants. The first informant was from Washington and provided Medway with information about a possible marijuana ring. The second was from Pennsylvania and provided the State with information that an individual, who was later tried as one of Vu's co-conspirators, purchased a large amount of marijuana grow equipment. Neither informant testified at trial. Nevertheless, Vu argues that the State's failure to disclose their identities deprived her of a fair trial. She avers that the identity of the informants was relevant evidence from which she might have gained additional information to aid in the preparation of her defense. Vu fails to explain, however, why the identity of the informants would have been helpful. *See* App.R. 16(A)(7). The informants here merely provided information about the offenses at issue and acted as a catalyst for the State's investigation. Medway agents performed months of surveillance upon Vu and her co-conspirators to build the case against them, independent of the information they received from the informants. Vu's mere speculation that the testimony of the informants was necessary to assist her in preparing her defense is insufficient. *See State v. Moon*, 74 Ohio App.3d 162, 168 (9th Dist.1991); *State v. Williams*, 9th Dist. No. 1910, 1991 WL 6149, *1-2 (Jan. 16, 1991); *State v. Allen*, 9th Dist. No. 1814, 1990 WL 40197, *1-2 (Apr. 4, 1990). Accordingly, the State should not have been required to disclose the identity of its informants. Vu's eleventh assignment of error is overruled.

Assignment of Error Number Nine

THE TRIAL COURT ERRED IN PERMITTING CONSOLIDATION AND DENYING APPELLANT'S MOTION TO SEVER TRIALS.

{¶36} In her ninth assignment of error, Vu argues that the trial court erred by denying her motion to sever the trials in this matter. We conclude that Vu forfeited this argument by failing to renew her motion to sever in the court below.

{¶37} "It is well-settled that the law favors joinder." *State v. Merriweather*, 9th Dist. No. 97CA006693, 1998 WL 239773, *3 (May 6, 1998). While Crim.R. 8 governs the joinder of multiple offenses in a single indictment, Crim.R. 14 "addresses the joinder of completely separate indictments." *State v. Hatfield*, 9th Dist. No. 23716, 2008-Ohio-2431, ¶ 14. "A defendant claiming prejudice by the joinder of offenses may move for severance under Crim.R. 14." *Merriweather*, 1998 WL 239773, at *3. "If it appears that a defendant * * * is prejudiced by a joinder of * * * defendants * * * for trial together * * *, the court shall * * * grant a severance of defendants, or provide such other relief as justice requires." Crim.R. 14. To preserve a claimed error under Crim.R. 14, however, a defendant must renew his or her motion to sever either at the close of the State's case or at the conclusion of all of the evidence. *State v. Owens*, 51 Ohio App.2d 132, 146 (9th Dist.1975). The failure of a defendant to renew the motion results in a forfeiture of the issue on appeal. *Hatfield* at ¶ 14. *Accord State v. Smith*, 9th Dist. No. 25069, 2010-Ohio-3983, ¶ 20.

{¶38} Here, Vu moved the trial court to sever her trial from her husband's trial. The two were indicted separately, and Vu's motion relied upon Crim.R. 14. Accordingly, she was required to renew her motion to sever in order to preserve the issue for appeal. *Owens*, 51 Ohio App.2d at 146. The record reflects that Vu failed to do so. She, therefore, forfeited any error with regard to the denial of her motion to sever. Vu's ninth assignment of error is overruled.

Assignment of Error Number Seven

THE STATE OF OHIO VIOLATED APPELLANT'S DUE PROCESS RIGHTS
AS DESCRIBED IN BRADY VS. MARYLAND.

{¶39} In her seventh assignment of error, Vu relies upon *Brady v. Maryland*, 373 U.S. 83 (1963), to argue that her due process rights were violated when the State failed to disclose exculpatory evidence. *Brady* recognizes that the State may not withhold "material, exculpatory evidence," as doing so offends a criminal defendant's due process rights. *State v. Moultry*, 9th Dist. No. 25065, 2010-Ohio-3010, ¶ 9. Yet, *Brady* only applies when a defendant discovers post-trial that the State has withheld exculpatory evidence. *State v. Benford*, 9th Dist. No. 25298, 2011-Ohio-564, ¶ 11. All of the evidence Vu now claims the State withheld is evidence Vu became aware of before, or at latest during, trial. *Brady*, therefore, does not apply. *State v. Adams*, 9th Dist. No. 07CA0086, 2008-Ohio-4939, ¶ 10-12. Vu's seventh assignment of error is overruled.

Assignment of Error Number Eight

THE TRIAL COURT'S INSTRUCTION ON COMPLICITY AND CONSPIRACY DEPRIVED APPELLANT OF HER RIGHT TO A JURY TRIAL AND DUE PROCESS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 5 AND 16 OF THE OHIO CONSTITUTION.

{¶40} In her eighth assignment of error, Vu argues that the trial court committed plain error in instructing the jury. We disagree.

{¶41} Generally, a defendant's failure to object to an allegedly erroneous jury instruction limits any review of the alleged error to a review for plain error. *State v. Johnson*, 9th Dist. No. 25525, 2011-Ohio-3941, ¶ 20. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the

court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶42} Vu argues that the trial court committed plain error when it failed to instruct the jury on the following essential elements: (1) the elements of the principal crimes underlying her conspiracy charges; and (2) the kind of culpability required for the commission of a complicity offense. It is difficult to follow her argument, however, as she does not cite to any particular portion of the jury instructions so as to explain where any alleged deficiency lies. *See* App.R. 16(A)(7). The trial court instructed the jury of the principal offense for each conspiracy and complicity charge, as well as the elements of possession and cultivation, the two principal offenses. The trial court also instructed the jury as to the mens rea for those offenses. The errors that Vu alleges are not clear on the face of the record. Yet, even assuming that the court committed an error, Vu did not include or define the items with which she now takes issue in the jury instructions that she filed with the court. To the extent that the court followed Vu's instructions, she cannot "take advantage of an error which [she herself] invited or induced the trial court to make." *State v. Travis*, 9th Dist. No. 22737, 2006-Ohio-1048, ¶ 9, quoting *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1995). Her eighth assignment of error is overruled.

Assignment of Error Number Fourteen

THE TRIAL COURT ERRED IN REFUSING DEFENDANT AN OPPORTUNITY TO BE HEARD ON HER CRIMINAL RULE 29 MOTION, STATING IT HAD "HEARD THE OTHER CASES" AND THEREFORE DENIED THE MOTION.

{¶43} In her fourteenth assignment of error, Vu argues that the trial court erred by refusing her the opportunity to be heard on her Crim.R. 29 motion. The trial court allowed Vu to make her Crim.R. 29 motion, but quickly denied the motion due to the court's familiarity with

the evidence and the related trials of her co-conspirators. Vu claims that the trial court acted "unfair[ly]," but does not set forth any argument as to how the court's ruling prejudiced her. Vu has not argued that she would have prevailed upon her motion, had the court afforded her an opportunity to argue it on the merits. Further, she has not shown that her appellate rights were affected as a Crim.R. 29 motion was "not necessary to preserve the issue of sufficiency for appeal." *State v. Good*, 9th Dist. Nos. 10CA0056 & 10CA0057, 2011-Ohio-5077, ¶ 26. Vu was not prejudiced by the procedure the trial court employed. Consequently, her fourteenth assignment of error is overruled.

## Assignment of Error Number Twelve

> THE TRIAL COURT ERRED IN INSTRUCTING THE JURY TO A PREPONDERANCE OF THE EVIDENCE STANDARD IN THE FORFEITURE HEARING IN VIOLATION OF APPELLANTS (sic) U.S. AND OHIO CONSTITUTIONAL RIGHTS.

{¶44} In her twelfth assignment of error, Vu argues that the trial court committed plain error by instructing the jury that the State had to prove forfeiture was warranted under a preponderance of the evidence standard rather than the criminal standard of beyond a reasonable doubt. Preponderance of the evidence, however, was the correct burden of proof to employ in the forfeiture proceeding under the version of R.C. 2925.42 that was in effect until July 1, 2007. *State v. Jones*, 9th Dist. No. 08CA0033, 2009-Ohio-670, ¶ 11; *State v. Smallwood*, 9th Dist. No. 07CA0063, 2008-Ohio-2107, ¶ 37; Former R.C. 2925.42(B)(3)(a). Vu's twelfth assignment of error is overruled.

## Assignment of Error Number Thirteen

> THE FORFEITURE FINDINGS FOR FORFEITURE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED UPON INSUFFICIENT EVIDENCE AT TRIAL.

{¶45}  In her thirteenth assignment of error, Vu argues that the jury's forfeiture findings are based on insufficient evidence and are against the manifest weight of the evidence.  We disagree.

{¶46}  As set forth above, the State bore the burden of proving that forfeiture was warranted under a preponderance of the evidence standard.  *Jones*, 2009-Ohio-670, at ¶ 11.  The competent, credible evidence standard applies in appeals from proceedings that are civil in nature.  *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus.  *See also State v. Price*, 9th Dist. No. 96CA006484, 1997 WL 209151, *2 (Apr. 23, 1997) (describing a forfeiture action under R.C. 2925.42 as a civil proceeding).  Accordingly, this Court must affirm the judgment of forfeiture here if it is "supported by some competent, credible evidence going to all the essential elements of the case."  *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶47}  Former R.C. 2925.42 provides that property is subject to forfeiture if one of the following applies:

> The property constitutes, or is derived directly or indirectly from, any proceeds that the person obtained directly or indirectly from the commission of the felony drug abuse offense or act[; or]

> The property was used or intended to be used in any manner to commit, or to facilitate the commission of, the felony drug abuse offense or act.

R.C. 2925.42(A)(1)(a)-(b).  In a jury action, the jury "shall hear and consider testimony and other evidence in the proceeding relative to whether any property * * * is subject to forfeiture."  R.C. 2925.42(B)(3)(a).  *Accord Smallwood*, 2008-Ohio-2107, ¶ 37.

{¶48}  The forfeiture judgment in this case encompassed fifteen items, including over $7,000 in cash, two vehicles, the Red Clover Lane property, electronic equipment, and jewelry.  The State's sole witness, Michael Polen, testified that he worked as a Medway case agent in 2006.  He testified as to all of the items that the police seized from 3384 Red Clover Lane and

Stoneybrook Lane Apt. 104. He further testified that despite all of their expenses, including an Allentown indoor grow supply invoice for over $10,000 in March 2005, Vu and her husband reported a joint income of $16,125 on their 2005 tax return. He specified that the mortgage payment on the Red Clover Lane property and rental payment for Apt. 104 totaled more than $2,300 per month. Finally, Polen testified that Medway did not find any evidence that Vu reported to an employment location in Ohio on a daily basis and that, in his experience, she and her husband procured all of the items the State sought to forfeit through their involvement in the marijuana grow operation. Vu did not present any evidence on her own behalf.

{¶49} Based on our review of the forfeiture proceeding, we must conclude that the judgment of forfeiture is based on competent, credible evidence. The State provided evidence from which the jury could have concluded that the property here was derived, either directly or indirectly, from the proceeds of Vu's felony drug abuse offense. R.C. 2925.42(A)(1)(a). Vu's thirteenth assignment of error is overruled.

III

{¶50} Vu's fourteen assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P.J.
CONCURS IN JUDGMENT ONLY

DICKINSON, J., CONCURRING.

{¶51} I concur in the majority's judgment and in all of its opinion except its refusal to reach the merits of Ms. Vu's second assignment of error. I would reach those merits and overrule the second assignment of error as not constituting plain error.

APPEARANCES:

KENNETH C. STAIDUHAR, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.