[Cite as *State v. Sekse*, 2018-Ohio-703.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-05-006 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 2/26/2018 |
| - vs - | | |
| | : | |
| MARK E. SEKSE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 14CR11502


Martin P. Votel, Preble County Prosecuting Attorney, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Brian A. Muenchenbach, 309 North Barron Street, Eaton, Ohio 45320, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Mark E. Sekse, appeals from the decision of the Preble County Court of Common Pleas ordering the forfeiture of three of his vehicles after he pled no contest to a variety of felony offenses, including possession of marijuana and trafficking in marijuana. For the reason outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} On April 9, 2014, the Preble County Grand Jury returned an indictment charging Sekse with a variety of felony offenses: namely, possession of marijuana, trafficking in marijuana, trafficking in drugs (Suboxone), possession of criminal tools, and having weapons while under disability. For purposes of this appeal, these charges also included forfeiture specifications seeking the forfeiture of a 1978 Pontiac Trans-Am collector's car, a 2005 Chevy Silverado 3500 truck, and a 2014 Harley Davidson motorcycle. According to the bill of particulars, the charges arose after a search of his tree cutting business and Preble County home led to the discovery of 212 pounds of marijuana, Suboxone, and a shotgun. Sekse pled not guilty to all charges and the matter was set for trial.

{¶ 3} On June 17, 2015, after the trial court issued decisions on a number of pre-trial issues, including the denial of Sekse's request for a *Franks* hearing, Sekse entered into a plea agreement and pled no contest to all charges against him.[1] Upon Sekse entering his no contest plea, the trial court accepted Sekse's plea and found him guilty as charged. The trial court then ordered a presentence investigation report be completed and scheduled the matter for sentencing.

{¶ 4} On July 22, 2015, the parties reconvened for purposes of sentencing, during which the trial court sentenced Sekse to serve a mandatory aggregate term of 11 years in prison. The trial court also ordered Sekse to pay a mandatory $10,000 fine and notified Sekse that he was subject to a mandatory maximum term of five years of postrelease control. However, instead of immediately transferring Sekse to prison, Sekse remained free

---

1. A *Franks* hearing is a hearing brought pursuant to the United States Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978), which held that if a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."

on bond pending an appeal with this court challenging the trial court's decision denying his request for a *Franks* hearing.

{¶ 5} On July 28, 2015, Sekse filed a notice of appeal with this court arguing the trial court erred by denying his request for a *Franks* hearing. In support of this claim, Sekse argued the trial court's decision was in error because he presented evidence of several inconsistent statements contained within the warrant affidavit used to obtain a search warrant for his Preble County home. Finding no merit to Sekse's claim, this court affirmed the trial court's decision to deny Sekse's request for a *Franks* hearing in *State v. Sekse*, 12th Dist. Preble No. CA2015-07-015, 2016-Ohio-2779. In so holding, this court determined that Sekse "failed to make a substantial preliminary showing that false statements knowingly and intentionally, or with reckless disregard for the truth, were included by the affiant in the warrant affidavit and that the allegedly false statements were necessary to the finding of probable case." *Id.* at ¶ 32. Not satisfied with this court's decision, Sekse appealed our decision to the Ohio Supreme Court.

{¶ 6} On May 2, 2016, shortly after this court's decision was released, the trial court issued an entry ordering Sekse to appear for a hearing to impose sentence. Sekse failed to appear at this hearing and the trial court issued a capias for his arrest.

{¶ 7} On October 5, 2016, the Ohio Supreme Court issued a decision declining jurisdiction to hear Sekse's appeal. Shortly thereafter, on October 14, 2016, Sekse was arrested and subsequently transferred to the Preble County Jail. Three days later, on October 17, 2016, the trial court issued another entry ordering Sekse to appear for a hearing to impose sentence. At this hearing, however, the parties reminded the trial court that issues regarding the forfeiture specifications contained within the indictment remained pending. As a result, the trial court issued an entry scheduling the matter for a full hearing on the still pending forfeiture specifications, a hearing that ultimately took place on March

29, 2017.

{¶ 8} At the March 29, 2017 hearing, the state presented the testimony of Sergeant Dan Schweitzer, a detective with the Warren County Sheriff's Office, who testified the vehicles at issue were seized from Sekse's tree cutting business and from his Preble County home after a search warrant was issued and Sekse gave his consent to search the same. As part of this testimony, Sergeant Schweitzer indicated that while these searches were being conducted, Sekse boasted and bragged to him about his drug dealing and the fact that he had been selling large quantities of marijuana for "many, many years." Thereafter, when asked to explain Sekse's extensive marijuana business, Sergeant Schweitzer testified that Sekse told him he received regular monthly shipments of 80 pounds of marijuana from his suppliers that he would then sell in 20 or 30 pound bricks to his customers who then "get the marijuana and they just break it down and they distribute it." As Sergeant Schweitzer testified when describing the magnitude of Sekse's marijuana operation, "we're not talking [about] a guy that sells a pound here and a pound there. We're talking about somebody that sells large quantities of marijuana."

{¶ 9} Continuing, as it relates to Sekse's income and finances, Sergeant Schweitzer testified that the search of Sekse's Preble County home uncovered a "drug ledger" indicating his customers currently owed him $94,275 for "fronting dope." Sergeant Schweitzer further testified that he was able to recover evidence as part of his investigation indicating Sekse and his wife had purchased numerous vehicles and other rental properties in Ohio and Indiana mostly with cash. There was also testimony from Sergeant Schweitzer indicating Sekse and his wife had purchased many other big-ticket items with cash and that they had made several large bank deposits in cash. As Sergeant Schweitzer testified, "I * * * know that there was a lot of unexplained cash deposits going into those accounts, a lot." Sergeant Schweitzer further testified that Sekse was able to post bond in this case by

- 4 -

presenting $40,000 in cash and that he paid a portion of his nearly $20,000 in attorney fees in cash.

{¶ 10} As it relates to the three vehicles at issue – the 1978 Pontiac Trans-Am collector's car, 2005 Chevy Silverado 3500 truck, and the 2014 Harley Davidson motorcycle – Sergeant Schweitzer testified that these three vehicles were purchased outright by Sekse mainly in cash in 2011 for $12,000, in 2012 for $7,099, and in 2014 for $27,000, respectively. Several exhibits corroborating Sergeant Schwietzer's testimony were then submitted by the state and admitted by the trial court without objection. These exhibits included, among other things, documentation indicating Sekse reported he and his wife's adjusted gross income on their jointly filed federal income tax returns for the years 2005 through 2012 ranged from a low of $758 to a maximum of $29,018, all while claiming two, three, or four dependents. Specifically, the record indicates the following as it relates to the Sekse's jointly filed federal income tax returns.

**The Sekses' Jointly Filed Federal Income Tax Returns**

| Year | Adjusted Gross Income | Dependents Claimed |
|---|---|---|
| 2005 | $11,084 | 2 |
| 2006 | $758 | 3 |
| 2007 | $5,736 | 3 |
| 2008 | $3,685 | 3 |
| 2009 | $20,110 | N/A |
| 2010 | $22,648 | 4 |
| 2011 | $29,018 | 2 |
| 2012 | $26,531 | 2 |
| **Total** | **$119,570** | |

The record further indicates that Sekse did not report any income on tax returns from either his tree cutting business or his rental property businesses in Ohio or Indiana between the years 2005 through 2014.

{¶ 11} On April 5, 2017, the trial court issued a decision ordering the forfeiture of the

three vehicles at issue. In so holding, the trial court stated, in pertinent part, the following:

> With respect to these three Specifications the State does not allege that the property was used to facilitate the commission of the offense.
>
> A review of the exhibits admitted does, as the Prosecuting Attorney argues, paint a picture of a man and wife that own assets and have more money (large amounts of cash) than what would be expected given the limited reported income of the family. In fact, the reported income in most of the years for which information has been provided is not sufficient to support the Sekse family let alone the purchase of the property seized.

Continuing, the trial court then stated:

> Defendant admitted to Sergeant Schweitzer that he had been selling marijuana in bulk for many years, that he only dealt with a few suppliers, and that he was involved in transactions where large amounts were sold. The Defendant put large amounts of marijuana in the hands of customers on consignment and kept records of what he was owed by each "customer."

Concluding, the trial court determined that it was Sekse's "own admissions during the investigation of the case that explains the source of the funds needed to purchase" the three vehicles at issue.

{¶ 12} One week later, on April 12, 2017, the trial court issued an entry ordering the forfeiture of the three vehicles at issue. As part of this entry, the trial court specifically stated that the three vehicles were purchased by Sekse "using the proceeds of a felony drug abuse act or acts." Sekse now appeals from the trial court's decision ordering the forfeiture of the three vehicles at issue, raising a single assignment of error for review.

{¶ 13} THE TRIAL COURT ERRED IN ORDERING THE FORFEITURE OF THE APPELLANT-DEFENDANT'S VEHICLES.

{¶ 14} In his single assignment of error, Sekse argues the trial court erred by ordering the forfeiture of the three vehicles at issue. We disagree.

{¶ 15} Criminal forfeiture proceedings, although generally not favored in Ohio, are

governed by R.C. 2981.04. *State v. Conn*, 12th Dist. Warren Nos. CA2014-04-059, CA2014-04-061, and CA2014-06-084, 2015-Ohio-1766, ¶ 53. Pursuant to R.C. 2981.02(A), property subject to forfeiture in a criminal forfeiture proceeding brought under that statute includes: (1) contraband involved in the offense; (2) proceeds derived from or acquired through the commission of an offense; and (3) an instrumentality that is used in or intended to be used in the commission or facilitation of certain offenses. As applicable here, the term "proceeds" is defined by R.C. 2981.01(B)(11)(a) to mean "any property derived directly or indirectly from an offense." A defendant's vehicle may be considered part of "proceeds" that are subject to forfeiture in a criminal forfeiture proceeding. *State v. Bustamante*, 3d Dist. Seneca Nos. 13-12-26 and 13-13-04, 2013-Ohio-4975, ¶ 37-41.

{¶ 16} According to R.C. 2981.04(B), in order for forfeiture to stand, the state must prove "by clear and convincing evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code * * *." This court, therefore, upon deferring to the trial court's factual findings, "may not reverse an order of forfeiture where there exists in the record 'some competent, credible evidence going to all the essential elements of the case.'" *State v. Baas*, 10th Dist. Franklin No. 13AP-644, 2014-Ohio-1191, ¶ 8, quoting *State v. West*, 8th Dist. Cuyahoga No. 97398, 2014-Ohio-198, ¶ 24. As with any other criminal case, a trial court's decision finding property subject to forfeiture was derived from proceeds that may be based on either direct or circumstantial evidence. *State v. Fort*, 8th Dist. Cuyahoga No. 100346, 2014-Ohio-3412, ¶ 20.

{¶ 17} Initially, Sekse argues the trial court erred by ordering the forfeiture of the three vehicles at issue because the state failed to provide sufficient evidence that those vehicles "were used or intended to be used as an instrumentality of the criminal offense." However, as noted above, and as a simple review of R.C. 2981.02(A) reveals, that is only one of three separate and distinct "properties" that may be forfeited as part of a criminal

forfeiture proceeding brought pursuant to R.C. 2981.04.

{¶ 18} In this case, the record is clear that the state was proceeding under a theory that the three vehicles at issue were derived from proceeds generated from Sekse's extensive, long-lasting marijuana operation, and not that the three vehicles were instrumentalities used in furtherance of said operation. In fact, as the state explicitly stated at the hearing on the forfeiture specifications before the trial court, "the State's claim is that these items * * * were purchased through the proceeds of criminal conduct." Therefore, while we agree with Sekse when he claims the record is devoid of any evidence that he used any of the three vehicles "for any reason other than his own personal use," such a fact is immaterial to the case at bar for the record firmly establishes that the state prosecuted its case under an alternative theory that the three vehicles were property subject to forfeiture as proceeds. Accordingly, we find Sekse's first argument is without merit.

{¶ 19} Sekse next argues the trial court erred by ordering the forfeiture of the three vehicles at issue because the state failed to provide any evidence that proceeds from his extensive, long-lasting marijuana operation were actually used to purchase any of the three vehicles at issue. In support of this claim, Sekse argues the state "could neither prove cash was used to purchase any of the vehicles * * * nor that there were any bank records showing an inflow of illegal cash or a strange pattern of spending." Sekse's argument, however, presupposes that the state must provide direct evidence establishing a clear link between the proceeds generated from him selling marijuana to the purchase of the three vehicles at issue. That is simply not true.

{¶ 20} As noted above, a trial court's decision finding property subject to forfeiture was derived from proceeds that may be based on either direct or circumstantial evidence. Sekse concedes as much and readily admits that "[i]t is more likely that Mr. Sekse would have wanted to keep his illegal proceeds out of a paper trail." That is particularly true here

when considering the lavish lifestyle Sekse maintained while only reporting an aggregate adjusted gross income on his jointly filed federal income tax returns of $119,570 for the years 2005 through 2012. Therefore, because the record in this case contains overwhelming evidence, albeit circumstantial, that the three vehicles at issue were derived from proceeds generated from Sekse's extensive, long-lasting marijuana operation, we find Sekse's second argument is also without merit.

**Conclusion**

{¶ 21} In light of the foregoing, having found no merit to either of the two arguments advanced by Sekse herein, Sekse's single assignment of error is overruled. In so holding, just as the trial court before us, we reiterate the fact that it was Sekse's "own admissions during the investigation of the case that explains the source of the funds needed to purchase" the three vehicles at issue.

{¶ 22} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.